**Affirmed and Opinion Filed this 10th day of June, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00484-CR

**SHAUN PAUL MURRAY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80483-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

A jury convicted Shaun Paul Murray of continuous sexual abuse of a young child and two counts of aggravated sexual assault of a child under six. After finding appellant was previously convicted of indecency with a child, the jury assessed punishment at life in prison on each charge. In two issues, appellant contends the trial court improperly allowed an undisclosed witness to testify and his convictions for aggravated sexual assault of a child violate his right against double jeopardy. For the reasons set out below, we overrule appellant's issues and affirm the trial court's judgments.

Briefly, the evidence showed the following. Appellant began babysitting M.R. in about March or April 2011 when M.R. was three years old. Soon after, M.R.'s mother, Cassie, noticed changes in her behavior. M.R. began acting out more, drawing on the walls, and throwing baby

powder everywhere. Mentally, M.R. became "more hyper" and "more agitated at things." Physically, M.R. complained that her "front area and back area" hurt. In November or December 2011, appellant called Cassie and told her M.R. "just sat down and peed on herself." M.R. was potty-trained, so the incident disturbed Cassie, who had been sexually abused as a child. Cassie took M.R. to the emergency room at Children's Hospital, where she was referred to the REACH Clinic for an appointment with a specialist. In addition, M.R. was referred to the Children's Advocacy Center.

At the advocacy center, M.R. was interviewed by Janetta Michaels. Michaels testified that during the interview, M.R. told her that appellant touched her "front and back private parts." M.R. said it "tickled" when he touched her backside but hurt when he touched the front side. M.R. also said appellant made her put her mouth on his penis and demonstrated for Michaels what she was made to do.

The following week, M.R. was examined by a physician at the REACH Clinic. The examination revealed that her urethra, hymen, vagina, and area behind the vagina was red and swollen. The physician said the condition, vaginitis, was common in young girls and could be caused by a lack of hygiene but was also indicative of sexual abuse.

M.R. also testified at trial. She said appellant touched her with his hand on her "special spot," which is where she goes to the bathroom. She said this happened about "fifty times." Sometimes his hand moved when he touched her and sometimes it stayed still. She also recalled one time that appellant licked her "front butt" with his tongue.

Finally, M.R.'s former babysitter, Taylor Fowler, testified she relieved appellant of babysitting duties in the afternoons. Most of the time, she said, M.R. would not have any clothes on or her diaper would be "on backwards or not on all the way." Appellant told Fowler that M.R. took off her clothes and he could not get her to put them back on. Fowler said she would

tell M.R. to put on her clothes, and M.R. did. Fowler said she had relieved other people who babysat M.R., such as M.R.'s grandmother, and M.R. would not be in the same state of dress. Also, Fowler testified she noticed a few times, after taking over for appellant, that M.R.'s front and back private areas were red when she bathed her.

Appellant was indicted on charges of continuous sexual abuse of a child occurring during the period of June 20, 2011 through November 20, 2011, and two counts of aggravated sexual assault of a child under the age of six occurring on or about December 1, 2011. After hearing the evidence, the jury convicted appellant of all charges.

In his first issue, appellant argues the trial court abused its discretion by allowing Fowler to testify when she was not disclosed on the State's witness list. He contends he had no notice of the witness and was "incapable of fairly meeting and rebutting" her testimony.

Upon request by the defense, notice of the State's witnesses should be given. *Stoker v. State*, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989), *abrogated on other grounds*, *Horton v. California*, 496 U.S. 128 (1990). We note the record does not contain a request by appellant for the State's witness list. Regardless, if a witness's name is not disclosed to a defendant before trial despite a court order, any error in allowing that witness to testify over a claim of surprise is "made harmless" by the defendant's failure to object or move for a continuance. *Barnes v. State*, 876 S.W.2d 316, 328 (Tex. Crim. App. 1994).

In *Barnes*, the appellant argued the trial court erred in allowing three punishment-phase witnesses to testify even though their names were not on the State's witness lists. The appellant objected at trial but failed to move for a continuance in order to interview the witnesses or determine the matters about which they were to testify. *Barnes*, 876 S.W.2d at 328. The court concluded that because appellant did not seek a continuance, he "cannot now be heard to complain." *Id*.

Here, appellant objected at trial but did not move for a continuance.  Under these circumstances, we conclude appellant cannot complain on appeal.  *Id.*; *Mapps v. State*, No. 05-10-00581-CR, 2011 WL 2507835, at \*2 (Tex. App.—Dallas June 24, 2011, no pet.) (mem. op.).  We overrule the first issue.

In his second issue, appellant argues his convictions for aggravated sexual assault of a child are barred by double jeopardy.  His entire issue is briefed in five sentences and, other than cursory citations to two cases, fails to set out the applicable law or provide any analysis.  We therefore overrule the issue as inadequately briefed.  *See* TEX. R. APP. P. 38.1.; *see Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005).

We affirm the trial court's judgments.


Do Not Publish
TEX. R. APP. P. 47
130484F.U05

 /Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAUN PAUL MURRAY, Appellant

No. 05-13-00484-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas

Trial Court Cause No. 401-80483-2012.

Opinion delivered by Justice Francis; Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgments on Counts I, II, and III are **AFFIRMED**.

Judgment entered this 10th day of June, 2014.

/Molly Francis/

MOLLY FRANCIS
JUSTICE